# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR17 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CHRISTOPHER R. JONES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Christopher R. Jones ("Jones") styled, "Petition for Permission to File for Relief under 28 U.S.C. § 2255[,]" which the Court construes as a motion to vacate, set aside, or correct his sentence. (Doc. No. 107 ["2255 Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 109 ["Opp'n"].) Jones also moves the Court for the appointment of counsel. (Doc. No. 110 ["Mot. Counsel".) For the reasons set forth below, Jones' motions are DENIED.

## I. BACKGROUND

On October 28, 2016, pursuant to a written plea agreement, Jones pled guilty to one count of conspiracy to interfere with commerce by robbery (conspiracy to commit Hobbs Act robbery), two counts of Hobbs Act robbery, and one count of using or carrying and brandishing a firearm in the course of committing Hobbs Act robbery.[1] (Minutes 10/28/2016; Doc. No. 52 (Plea

---
[1] The use and brandishing charge (Count 5) specifically referenced and relied upon one of the Hobbs Act robbery charges (Count 2) as the predicate offense. (*See* Doc. No. 12 (Indictment) at 95 (all page numbers refer to the page identification number generated by the Court's electronic docketing system).)

Agreement); Doc. No. 12 (Indictment).[2]) The plea agreement contained a broad waiver provision restricting Jones' appeal rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Plea Agreement at 324.)

On January 31, 2017, in accordance with the plea agreement, the Court sentenced Jones to 84 months for the using and brandishing charge to be served consecutively to 51 months on the remaining charges, for an aggregate term of imprisonment of 135 months. In consideration for his plea, the government agreed to dismiss another using and brandishing charge (Count 11) that carried a mandatory minimum sentence of seven years. (Doc. No. 71 (Judgment); *see* Plea Agreement at 320; Indictment.)

Jones did not take a direct appeal. Instead, on October 22, 2018, more than 20 months after the Court entered final judgment, Jones filed the present § 2255 motion. In his motion, Jones maintains that recent authority from the United States Supreme Court and the Sixth Circuit requires the Court to find that the predicate offense supporting his using and brandishing conviction under 18 U.S.C. § 924(c)(1)(A)(ii)—Hobbs Act robbery—does not constitute a "crime of violence." (Mot. at 887.) The government argues that his motion lacks merit, that it is time-barred, and that any argument Jones makes therein was knowingly and voluntarily waived by the express terms of the plea agreement.

---

[2] Jones was one of three individuals charged in the indictment. Defendant Stephone Tillman, one of Jones' co-defendants, has also sought to vacate his sentence on similar grounds. (*See* Doc. No. 101.)

## II. EVIDENTIARY HEARING

A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the guilty plea and sentencing hearings, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citation omitted).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Jones' § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute.

### III. JONES' § 2255 MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on January 31, 2017. Because Jones did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Fed. R. App. P. 4(b)(1).[3] Jones was required to file his § 2255 motion by February 14, 2017. Instead, he filed the instant motion on October 22, 2018, more than 20 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

---

[3] Prior to the 2009 amendment, Rule 4(b)(1) provided for a 10-day period for appealing a judgment in a criminal case.

Jones does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to justify the delay in filing the present § 2255 motion. *See* § 2255(f)(2), (4). Instead, applying a liberal interpretation to his *pro se* filing, Jones appears to posit that his motion is timely under § 2255(f)(3), based upon his belief that the decision in *Dimaya* constituted a new right recognized by the United States Supreme Court. Assuming that the 2018 decision in *Dimaya*—and the more recent ruling in *United States v. Davis*, --U.S.--, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019)—constitute new rights, they are inapplicable to Jones' case and cannot, therefore, render the present § 2255 motion timely.

Both *Dimaya* and *Davis* address statutes defining the phrase "crime of violence," and are part of the progeny of cases beginning with *Johnson v. United States*, --U.S. --, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Prior to *Johnson*, for some offenses, the residual clause of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), acted to adjust a defendant's sentence from a 10-maximum to a 15-year minimum with a maximum of life imprisonment. *Johnson* invalidated the residual clause of ACCA, ultimately holding that the provision was unconstitutionally vague under the void-for-vagueness doctrine. *Id*. at 2561-63.

In *Dimaya*, the Supreme Court revisited *Johnson* in the immigration context, evaluating the catch-all clause in the definition of "crime of violence" under 18 U.S.C. § 16(b). Citing the same vagueness concerns employed to invalidate ACCA's residual clause, the Supreme Court rejected § 16(b), a provision using the same language and establishing a defendant's eligibility for deportation. 138 S. Ct. at 1223 (citing *Johnson*, 135 S. Ct. at 2558). In invalidating § 16(b), the Supreme Court explained that the provision "produces more unpredictability and

arbitrariness than the Due Process Clause tolerates." *Id.* (quoting *Johnson*, 135 S. Ct. at 2558).

Most recently, in *Davis*, the Supreme Court returned to its ruling in *Johnson* to consider the constitutionality of § 924(c), which "threaten[ed] long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." 139 S. Ct. at 2323. Specifically, the statute provides, in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any *crime of violence* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm was brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). The statute defines "crimes of violence" as an offense that is a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "elements" or "use-of-force clause, while the second clause, § 924(c)(3)(B), is referred to as the "risk" or "residual" clause. In *Davis*, the Supreme Court ultimately concluded that the latter provision, the residual clause, was unconstitutionally vague in violation of due process and separation of powers principles. *Davis*, 139 S. Ct. at 2325.

Jones' conviction under § 924(c) remains undisturbed by *Dimaya* and *Davis* because the predicate offense for his conviction—Hobbs Act robbery—falls under the "elements" clause. As

the Sixth Circuit has observed, the Hobbs Act is a divisible statute: it is violated when a defendant interferes with interstate commence by robbery or, in the alternative, by extortion. *See Gooch*, 850 F.3d 291. Here, the indictment and the plea agreement make clear that the predicate offense for Jones' § 924(c) conviction (Count 5) was Hobbs Act *robbery* (Count 2). (Indictment at 95; Plea Agreement at 319.)

Hobbs Act robbery is a "crime of violence" because the definition of robbery "clearly 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under [the elements clause of] § 924(c)(3)(A)." *Gooch*, 850 F.3d at 291-92; *see also United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018) (confirming that Hobbs Act robbery is a "crime of violence" under the elements clause).[4] For this reason, even in the wake of *Davis*, courts within the Sixth Circuit consistently find that § 924(c) convictions premised on Hobbs Act robbery convictions withstanding constitutional scrutiny.[5] *See, e.g., United States v. Harris*, No. 15-cr-20089, 2019 WL 4746746, at *3 (E.D. Mich. Sept. 30, 2019) (denying § 2255 motion to vacate § 924(c) conviction premised on Hobbs Act robbery); *Daniels v. United States*, No. 3:16-cv-1551, 2019 WL 4167325, at *4 (M.D. Tenn. Sept. 3, 2019) (same); *United States v. Brooks*, No. 5:16-cr-7-

---

[4] Jones' reliance on *Camp* is misplaced. In *Camp*, the Court recognized Sixth Circuit "binding precedent" in *Gooch* holding that "Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause." *Camp*, 903 F.3d at 597 (citing *Gooch*, 850 F.3d at 292). While the court in *Camp* affirmed the defendant's § 924(c) conviction premised on Hobbs Act robbery, it remanded for resentencing, finding that Hobbs Act robbery did not qualify as a crime of violence under the "enumerated offense" clause of U.S.S.G. § 4B1.2(a) (defining "crime of violence" for purposes of U.S.S.G. § 4B1.1 (career offender)). *Id*. at 604. Jones was not sentenced as a career offender under § 4B1.1.

[5] The Court might have reached a different result if Jones' § 924(c) conviction had been predicated on his conviction for *conspiracy* to commit Hobbs Act robbery in Count 1. *See, e.g., McQuiddy v. United States*, No. 3:16-cv-02820, 2019 WL 4917073 (M.D. Tenn. Oct. 3, 2019) (granting § 2255 motion and vacating § 924(c) conviction, finding that Hobbs Act *conspiracy* convictions only qualify as crimes of violence under the "residual clause" of § 924(c)(3)(B)).

JMH-EBA-2, 2019 WL 4231236 (E.D. Ky. Aug. 19, 2019) (report and recommendation advising to deny § 2255 motion challenging § 924(c) conviction predicated on Hobbs Act robbery conviction), *adopted*, 2019 WL 4228364 (E.D. Ky. Sept. 5, 2019); *see also United States v. Littles*, No. 14-20484, 2019 WL 4511683, at *1 (E.D. Mich. Sept. 19, 2019) (upholding § 924(c) conviction premised on carjacking, after *Davis*, noting that "the Sixth Circuit has held that Hobbs Act robbery, which, similar to carjacking, requires proof that the defendant used 'actual or threatened force, or violence, or fear of injury, immediate or future', falls within § 924(c)'s force clause") (quoting *Camp*, 903 F.3d at 597); *United States v. Walker*, No. 19-10239, 2019 WL 4126557 (E.D. Mich. Aug. 30, 2019) (finding § 924(c) constitutional where underlying crime of violence was bank robbery, which has as a necessary element the use of force and violence or intimidation).

Because the Hobbs Act robbery that Jones committed is a "crime of violence," Jones was properly convicted of using a firearm during and in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). He has not identified a new right established by the United States Supreme Court that applies to his case and his motion to vacate, therefore, is time-barred. For the same reasons, if the Court were to reach the merits of his § 2255 motion, the Court would find that Jones is entitled to no relief.[6]

---

[6] Jones' motion for the appointment of counsel was premised on the Supreme Court's decision in *Davis, supra*. (Mot. Counsel at 903.) Because the Court's judgment is undisturbed by *Davis*, and because Jones' § 2255 motion is clearly time-barred, the motion for the appointment of counsel is denied.

## IV. Conclusion

For the foregoing reasons, the motion of defendant Christopher R. Jones to vacate, set aside, or correct his sentence (Doc. No. 107) and his motion for the appointment of counsel (Doc. No. 110) are denied and this case is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: December 16, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**